UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SULAYMAN SARR,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, MARKWAYNE MULLIN, BRUCE SCOTT, and JULIO HERNANDEZ,<br><br>Respondents. | CASE NO. 2:26-cv-01560-JNW<br><br>ORDER |

## 1. INTRODUCTION

Petitioner Sulayman Sarr, proceeding pro se, seeks a writ of habeas corpus ordering his release from immigration detention.[1] For the reasons below, the Court DENIES the petition without prejudice.

[1] This is not Sarr's first habeas petition. On August 19, 2024, Sarr moved for habeas relief, and the court granted in part, holding that Sarr's "prolonged mandatory detention under § 1226(c) [was] unreasonable such that an individualized bond hearing is required to comport with due process." *Sarr v. Immigration & Customs Enforcement Field Office Director*, Case No. 2:24-cv-01293-RAJ-BAT (W.D. Wash. Aug. 2024), Dkt. No. 22 at 31. On February 20, 2025, Sarr appeared for a bond hearing, but the IJ denied his release. Dkt. No. 9 ¶ 18.

## 2. BACKGROUND

Sarr, a native of Gambia, entered the United States as a nonimmigrant visitor for business around July 5, 2007. Dkt. No. 9 ¶ 4. He became a Lawful Permanent Resident (LPR) on May 27, 2011. *Id.* ¶ 6. He has seven children, all United States citizens. Dkt. No. 5 ¶ 2.

On July 29, 2021, a federal court convicted Sarr of conspiracy to distribute methamphetamine. *Id.* ¶ 3. The court sentenced him to 24 months, and he served 16 months in prison. *Id.* ¶¶ 3–4. When Sarr was released, the Department of Homeland Security (DHS) issued a Notice to Appear (NTA) changing him as removable under the Immigration Nationality Act (INA) Sections 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) for offenses relating to "the illicit trafficking of a controlled substance" and "conspiracy" to violate laws pertaining to a controlled substance. Dkt. No. 10-2 at 5. Since February 1, 2023, Sarr has remained in Immigration and Customs Enforcement (ICE) custody at the Northwest ICE Processing Center (NWIPC). Dkt. No. 5 ¶ 4.

On August 30, 2023, an Immigration Judge (IJ) ordered Sarr removed to Gambia. Dkt. No. 10-3 at 2. The IJ also denied Sarr's applications for asylum, withholding of removal under the INA, and deferral of removal under the Convention Against Torture (CAT). *Id.* Sarr appealed the IJ's denial to the Board of Immigration Appeals (BIA). Dkt. No. 5 at 70–75. On July 29, 2024, the BIA dismissed Sarr's appeal, finding that his conviction qualified as a "particularly serious crime," and that he was therefore "barred from applying for asylum and

withholding of removal." *Id.* at 72. The BIA also "affirmed the [IJ's] denial of [Sarr's] request for deferral of removal under the CAT." *Id.*

Sarr then petitioned the Ninth Circuit for review and moved to stay his removal. *Sarr v. Blache*, Case No. 24-5264 (9th Cir. 2024).[2] The Ninth Circuit granted a temporary stay. On July 7, 2026, the court denied Sarr's petition and lifted the stay. *Id.* at Dkt. Nos. 58, 59.

## 3. DISCUSSION

Sarr argues that the IJ's August 30, 2023, removal order became "administratively final" thirty days later. On his view, the post-removal-order statute, 8 U.S.C. § 1231(a)(6), has governed his detention since September 2023. Almost three years have passed since then, so Sarr contends that his post-removal-order detention has run beyond what is reasonable under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), and that he is entitled to release.

Under Section 1231(a)(2)(A), DHS "shall detain" a noncitizen during "the [90 day] removal period." "The removal period begins on the latest of the following: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; (iii) if the alien is detained or confined (except

[2] The Court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012). The court "may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts." *Harris*, 682 F.3d at 1132. Thus, the Court takes notice of the opinions issued by the Ninth Circuit in Sarr's case.

under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

Sarr argues that he did not appeal the IJ's August 30, 2023, removal order and instead appealed only the IJ's denial of withholding of removal. In other words, Sarr claims his appeal was a withholding-only proceeding of the kind described in *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021). But in *Johnson*, the Supreme Court explained that the "process for applying for withholding of removal depends on whether the [noncitizen] is subject to the standard removal proceedings or a reinstated order of removal." If it's the latter, the noncitizen is subject to expedited removal in which the noncitizen seeks withholding in proceedings "'limited to a determination of whether the alien is eligible for withholding or deferral of removal,' and as such, 'all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief.'" 594 U.S. at 531 (quoting 8 C.F.R. §§ 208.2(c)(3)(i), 1208.2(c)(3)(i)).

Contrary to Sarr's assertion, his removal proceedings were "standard"—they were not expedited after reinstatement of a removal order. And Sarr's removal order did not become final until the Ninth Circuit denied his petition for review on July 7, 2026. *See Sarr v. Blache*, Case No. 24-5264 (9th Cir. 2024), Dkt. No. 59 at 2 ("Because Sarr raised his challenge to the denial of CAT relief together with a challenge to his final order of removal, *see Navarrete v. Bondi*, 170 F.4th 1214, 1221–22 (9th Cir. 2026), [the Ninth Circuit has] jurisdiction to review his factual

challenges to the agency's denial of CAT relief, *see Nasrallah v. Barr*, 590 U.S. 573, 587 (2020)").

Sar also argues that DHS seeks to deport him to a country other than Gambia to punish him. But Sarr does not allege that DHS has taken any step toward removing him to a third country. This argument is not plausible at this time given that Sarr has not included any allegation that DHS has made any effort to effectuate a third-party country removal.

Sarr thus remains in the 90-day-removal period as of the date of this Order, and his claim of unreasonably prolonged detention is not yet ripe.

The Court denies the petition without prejudice, however, because a period of detention that is reasonable now can become unreasonable later. Sarr may return to this Court if his post-removal-order detention passes six months, if he obtains evidence that he is unlikely to be deported in the foreseeable future, or if he learns that DHS seeks to deport him to a country other than Gambia.

## 4. CONCLUSION

In sum, the Court DENIES Sarr's petition for a writ of habeas corpus without prejudice.

Dated this 3rd day of August, 2026.

Jamal N. Whitehead
United States District Judge