UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SULAYMAN SARR,

Petitioner,

v.

TODD BLANCHE et al.,

Respondents.

CASE NO. 2:26-cv-01560-JNW

ORDER DENYING MOTION FOR RECONSIDERATION

## 1. INTRODUCTION

Petitioner Sulayman Sarr asks the Court to reconsider its August 3, 2026, order denying his Petition for a Writ of Habeas Corpus. Dkt. No. 14. Sarr argues the Court erred in holding that his post-removal detention under 8 U.S.C. § 1231(a)(6) began on July 7, 2026, when the Ninth Circuit denied his petition for review, and that his challenge under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), was therefore premature. Sarr also argues the Court erred by not applying *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) and by misapprehending 8 U.S.C. § 1252(b)(8)(a). Because the Court did not err, and neither *Nasrallah* nor Section 1252(b)(8)(A) change its analysis, Sarr's motion for reconsideration is DENIED.

## 2. LEGAL STANDARDS

Sarr cites Local Civil Rule 7(h)(1) and Federal Rule of Civil Procedure 59(e) as the grounds under which he seeks relief. "Motions for reconsideration are disfavored," and the Court will ordinarily deny one "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Reconsideration "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Federal Rule of Civil Procedure 59(e) provides that a party may file a "motion to alter or amend a judgment" within "28 days after the entry of the judgment." To prevail, the movant must show: (1) manifest errors of law or fact upon which the judgment rests; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; or (4) an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Sarr argues the third element—the Court's order resulted in manifest injustice.

## 3. DISCUSSION

As he argued in his habeas petition, Sarr contends that 8 U.S.C. § 1231(a)(6), has governed his detention since September 2023—the date the immigration judge's August 30, 2023, removal order became "administratively final." But in so arguing, Sarr continues to ignore the text of 8 U.S.C. § 1231(a)(1)(B), which sets out the events that trigger the "removal period" under the post-removal statute.

> The removal period begins on the *latest* of the following: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (emphasis added). Because the Ninth Circuit reviewed Sarr's removal order and temporarily stayed his deportation, the removal period began on the date of the Ninth Circuit's final order, not September 2023.

In *Nasrallah*, the Supreme Court held that "in a case involving a noncitizen who committed a crime specified in § 1252(a)(2)(C), the court of appeals should review the noncitizen's factual challenges to the [Convention Against Torture] order deferentially." 590 U.S. at 576. This has no bearing on when the removal period begins under Section 1231(a)(1)(B).

Under 8 U.S.C. § 1252, noncitizens may seek judicial review of removal orders. Section 1252 "does not prevent the Attorney General, after a final order of removal has been issued, from detaining the [noncitizen] under section 1231(a)[.]" 8 U.S.C. § 1252(b)(8)(A). Sarr argues this supports his theory that he has been detained under Section 1231(a) pending judicial review of his removal order because

he "sought judicial review of a question of law that arose from a removal proceeding, but not the final order of removal." Dkt. No. 14 at 9. But Sarr does not provide support for his contention that such a distinction is recognized under the law.

## 4. CONCLUSION

Sarr does not show manifest error in the prior ruling or new facts or legal authority, and he does not argue why the Court's ruling caused manifest injustice. Accordingly, the Court DENIES Sarr's motion for reconsideration.

Dated this14th day of October, 2026.

Jamal N. Whitehead
United States District Judge